IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SHERYL DOWNS, ERIN PHILLIPS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-00373-CV-RK |
| | ) | |
| JEFFREY CROUCH, ENERSYS DELAWARE, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER DENYING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY AND SCHEDULING ORDER DEADLINES**

Plaintiffs Sheryl Downs and Erin Phillips bring this action against Defendants Jeffrey Crouch and Enersys Delaware, Inc. alleging personal injuries stemming from a motor vehicle accident that occurred in Iowa. (Doc. 1-2 at 5-10, 40-47.) Before the Court is the joint motion to stay filed by Defendants Jeffrey Crouch and Enersys Delaware, Inc. (Doc. 11.) Defendants seek an order staying all discovery and scheduling order deadlines until the resolution of their pending motions to dismiss, which argue that the Court lacks personal jurisdiction over the Defendants. (Doc. 1-2 at 68-85, 86-104.) Plaintiffs filed a joint opposition to the motion to stay (doc. 13), and Defendants filed a joint reply (doc. 14). After careful consideration, the motion to stay is **DENIED**.

**Discussion**

In their motion to stay, Defendants argue that they "will suffer hardship by participating in lengthy and costly discovery when both Defendants have objected to personal jurisdiction." (Doc. 12 at 2.) Defendants further maintain that "[n]either party will suffer prejudice from a stay of all discovery and deadlines in so far as all parties desire a swift resolution to the pending motions to dismiss." (*Id.* at 2-3.) Plaintiffs respond that because their personal injury action arose from a motor vehicle accident, "the scope of discovery should be limited," and even if Defendants' motions to dismiss are granted, "no harm would result because the discovery conducted here could be used in the re-filed forum." (Doc. 13 at 3.) Plaintiffs also contend that "[t]he information learned in discovery could assist in getting the case resolved." (Doc. 13 at 4.)

"The trial court has broad discretion to control the scheduling of events in matters on its docket." *Jones v. Clinton*, 72 F.3d 1354, 1361 (8th Cir. 1996). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay is extraordinary relief such that the requesting party "must make out a clear case of hardship or inequity in being required to go forward[.]" *Id.* at 255. Consistent with these principles, Rule 26(c) provides that a court may stay discovery for good cause shown. Fed. R. Civ. P. 26(c)(1). The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery. *TE Connectivity Networks*, 2013 U.S. Dist. LEXIS 117719 at *5. As explained by another court in this district considering similar circumstances:

> A stay should be entered only where it is a proper exercise of the court's discretion, and the proponent of the stay bears the burden of establishing the need for a stay. In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy.

*Blacktop, Inc. v. Edible Arrangements Int'l, Inc.*, No. 4:14-CV-00005-DGK, 2014 U.S. Dist. LEXIS 59845, at *2-3 (W.D. Mo. Apr. 30, 2014) (internal citations omitted).

As in *Blacktop*, this Court finds that Defendants have not carried their burden of showing that a stay is justified in these circumstances. After reviewing the pending motions to dismiss challenging personal jurisdiction, the Court cannot conclude that Defendants' motions are so obviously likely to prevail that a stay is warranted. Defendants have not shown that proceeding with discovery in this case will irreparably harm them or that the breadth of discovery in this motor vehicle accident case is substantial. Notably, if the Court grants Defendants' motions to dismiss, any discovery conducted in this case could be used when the case is re-filed in the appropriate forum. And if the Court does not grant Defendants' motions to dismiss, a stay would likely result in the Court needing to extend current scheduling order deadlines to allow sufficient time for the parties to complete discovery and brief later dispositive motions. Consequently, the factors considered do not weigh in favor of a stay.

**Conclusion**

For the reasons above, it is **ORDERED** that the joint motion to stay filed by Defendants Jeffrey Crouch and Enersys Delaware, Inc. is **DENIED**.  (Doc. 11.)

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  September 20, 2018